# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| C AND E, INC., individually and on behalf of all persons or entities similarly situated, | * * * * | |
| Plaintiff, | * * | CV 107-122 |
| vs. | * * | |
| FRIEDMAN'S JEWELERS, INC. and FRIEDMAN'S, INC., | * * * | |
| Defendants. | * * | |

# O R D E R

Presently before the Court in the captioned case is Plaintiff's Motion to Remand. (Doc. no. 7.) Upon consideration of the relevant law and the parties' briefs, the Court finds that the removing party has not met its burden of showing, by a preponderance of the evidence, that the requisite minimum amount in controversy is met. As such, Plaintiff's motion to remand is **GRANTED**.

## I. PROCEDURAL HISTORY

This action was originally filed on September 4, 2007 in the Superior Court of Richmond County, Georgia, asserting a class action against Defendants for alleged violations of 47 U.S.C. §§ 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). The complaint alleges that Defendants violated the TCPA by sending a "mass transmission" of unsolicited facsimile advertisements to "hundreds, if not thousands" of recipients. (Compl. ¶ 13.) Plaintiff seeks to recover individually and on

behalf of each putative class member either the actual damages incurred from the receipt of unsolicited facsimile advertisements or not more than $1,500, which is the maximum amount allowable for each violation under the TCPA. Defendants removed the case to this Court based upon diversity jurisdiction and Plaintiff subsequently filed this motion to remand, arguing that the requisite amount in controversy is not met.[1]

## II. **REMOVAL STANDARD**

Federal district courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. American Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be "construed narrowly," and all doubts about removal must be resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2002); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendants, as the removing party, bear the burden of proof with regard to establishing federal court jurisdiction. See Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1164 (11th Cir. 2006) (finding that the same rule applies in class action cases). The Eleventh Circuit has held that the propriety of removal must be assessed on the basis of the removing

---

[1] The parties do not dispute that they are of diverse citizenship.

2

documents. Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).

Importantly, in analyzing removal where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1209-11. The court examines whether it is facially apparent from the complaint that the amount exceeds the jurisdictional requirement. Where the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal. Id. at 1213-14. If the jurisdictional amount is neither stated clearly on the face of these documents nor readily deducible from them, the court must remand. Id. at 1211; Miedema v. Maytag Corp., 450 F.3d 1322, 1330 (11th Cir. 2006).

Ultimately, if the evidence does not unambiguously establish federal jurisdiction, neither the defendant nor the court may speculate in an attempt to make up for such failings. To do so would reduce the defendant's burden from a preponderance of evidence to an ambiguous suggestion of the jurisdictional amount. See Lowery, 483 F.3d at 1215.

### III. **MOTION TO REMAND**

In their notice of removal, Defendants claim this Court has diversity jurisdiction over this case, contending that it would take only fifty facsimile advertisements transmitted in violation of the TCPA to satisfy the diversity jurisdictional requirement of $75,000.[2] See 28 U.S.C. § 1332(a). In their

---

[2]Of note, however, claims of putative class members may only be aggregated to satisfy the amount in controversy requirement if the class members are suing to enforce a single title or right, in which they have a common and undivided interest. See Morrison v. Allstate Indem. Co., 228

3

response to Plaintiff's motion to remand, Defendants abandoned their 28 U.S.C. § 1332(a) argument and asserted, for the first time, that removal was proper under the Class Action Fairness Act ("CAFA"), see 28 U.S.C. § 1332(d).

Under CAFA, federal courts have subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000. Id. In a recent comprehensive opinion regarding CAFA, the Eleventh Circuit upheld a remand decision finding the defendants unable to meet the onerous burden of establishing the $5,000,000 amount in controversy. Lowery, 483 F.3d at 1221. Like the instant case, Lowery involved a class action for unspecified damages. Upon removal, the defendants contended, *inter alia*, that the amount in controversy could be derived from considering the number of plaintiffs and the nature of their claims. The defendants reasoned that in order to reach the jurisdictional threshold, each of the roughly 400 plaintiffs need only recover approximately $12,500. See id. at 1220. The Circuit Court found this rationale too speculative to support a finding of jurisdiction. Id. at 1220-21 (noting also that the defendants' notice of removal contained no document clearly indicating that the aggregate value of the plaintiffs' claims exceeds the threshold amount).

Here, Defendants contend that the $5,000,000 jurisdictional amount under CAFA is readily deducible from Plaintiff's complaint. In Defendants' view, because Plaintiff seeks $1,500 per violation and alleges that the faxes were sent

---

F.3d 1255, 1263 (11th Cir. 2000) (citing Snyder v. Harris, 394 U.S. 332 (1969)). Such aggregation is impermissible when, as here, each class member's right to recover is independent.

4

to "hundreds, if not thousands" of recipients, it is possible that the aggregate claims will reach over $5 million. However, such conclusory assumptions are no longer sufficient to carry Defendants' burden of proof and are expressly prohibited by the Eleventh Circuit's holding in Lowery.[3]

In fact, a district court of this circuit has performed a similar post-Lowery CAFA analysis in Cleveland v. Ark-La-Tex Fin. Servs., LLC, where a plaintiff filed a class action against defendant for transmitting unsolicited facsimile advertisements in violation of the TCPA. 2007 WL 2460753 (S.D. Ala. Aug. 24, 2007). Albeit an unpublished opinion, the court's analysis is applicable:

> Assuming plaintiffs seek and could potentially recover $1,500 per violation, the question, then, is how many violations are included in this class action. Defendant does not offer any evidence of the number of faxes it sent and in fact does not admit to sending any faxes that could be deemed violations. The complaint specifically includes the claims of two named plaintiffs who received a total of three faxes and the class is alleged to contain "thousands of persons." To reach $5,000,000 using the treble damage figure of $1,500, there would have to be at least 3,334 violations. If the attempt to cap damages is disregarded, then such an amount is clearly conceivable under the allegations of the complaint. However, it is also just as possible and consistent with the allegations of the complaint that there are fewer violations. For instance, if the class consisted of 2,000 persons alleging 2,500 total violations, the statutory damages would equal $3,750,000 if the plaintiffs prevailed and were awarded treble damages. There is no evidence before the court to indicate which result is more likely. The contention that there are more than 3,334 potential violations is pure speculation. The Eleventh Circuit clearly prohibits such speculation under the circumstances here.

Id. at *3.

---

[3]Defendants seek to circumvent the Lowery opinion by relying upon the pre-Lowery decision of Scott v. ING Clarion Partners, LLC, 2006 WL 3191184 (N.D. Ga. Oct. 31, 2006). However, this Court is bound by Lowery.

Here, in their notice of removal, Defendants do not offer any evidence with regard to the number of faxes sent that could be deemed violations. Plaintiff's complaint is no more specific, only including the claims of one named Plaintiff who received two faxes. Although Plaintiff seeks treble damages in the amount of $1,500 for each violation, the complaint only generally alleges that Defendants transmitted faxes to "hundreds, if not thousands" of recipients. While "hundreds, if not thousands," could conceivably amount to 3,334 violations, it could just as reasonably be interpreted to mean 1,500 persons alleging 3,000 total violations, or $4,500,000 in damages. There is no evidence in the removal documents suggesting which result is more likely.

In sum, Defendants have failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000 as required by CAFA. Consequently, Defendants have not carried their burden of establishing subject matter jurisdiction. To reach any other conclusion the Court would have to engage in speculation prohibited by <u>Lowery</u>. Accordingly, the Court finds that removal was improper and thus, **GRANTS** Plaintiff's Motion to Remand.[4]

## IV. ATTORNEYS' FEES

Plaintiff seeks fees incurred in opposing removal of this case. Such an award is authorized by 28 U.S.C. § 1447(c) which states that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]n award of

---

[4]Because the amount in controversy is not met, the Court pretermits discussion of whether Defendant Friedman's Jewelers, Inc. has been fraudulently joined as a defendant.

attorneys' fees is solely in the discretion of the court." Graham Commercial Realty, Inc. v. Shamsi, 75 F. Supp. 2d 1371, 1373 (N.D. Ga. 1998); Nicholson v. National Accounts, Inc., 106 F. Supp. 2d 1269, 1272 (S.D. Ala. 2000).

The issue is whether an award would further overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties. See Gardner v. Allstate Indem. Co., 147 F. Supp. 2d 1257, 1265-67. (M.D. Ala. 2001). After reading and considering the parties' briefs, this Court finds that Defendants' attempt at removal was not "so lacking in merit as to justify such an award." Sapp v. AT&T Corp., 215 F. Supp. 2d 1273, 1279 (M.D. Ala. 2002). Although Defendants presented insufficient evidence to satisfy the legal standard, it was reasonable to test the bounds of Lowery and CAFA in this class action setting. Accordingly, Plaintiff's Motion for Attorneys' fees is **DENIED**.

### V. CONCLUSION

Upon the foregoing, Plaintiff's motion to remand (doc. no. 7) is **GRANTED**. Plaintiff's request for an award of attorneys' fees is **DENIED**. All other pending motions in the case are **DENIED AS MOOT**. The Clerk is instructed to **REMAND** this case to the Superior Court of Richmond County, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this __4th__ day of January, 2008.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE